

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00091-CR

ISAAC SANDERS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In one issue, Appellant Isaac Sanders appeals his conviction for evading arrest and detention using a vehicle, arguing that there is insufficient evidence to prove that his actions were not permissible under the necessity defense when he fled from the police. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

On December 16, 2009, Wichita Falls Police Officer Donald Miller was patrolling in his marked patrol vehicle at around 11:30 p.m. when he thought he saw a blue Hyundai Sonata run a stop sign. He followed the Hyundai and saw it run another stop sign, so he engaged his emergency lights and pursued it, trying to initiate a traffic stop. The Hyundai's driver ran through several stop signs during the pursuit, refusing to stop even after Officer Miller engaged his siren. The pursuit ended at 1621 Oceola, where Sanders—the vehicle's only occupant—exited the vehicle, and Officer Miller placed him in handcuffs. Sanders told Officer Miller that he had fled because he did not have a driver's license, because he was intoxicated, and because he did not want the car impounded.

The State charged Sanders with evading arrest and detention using a vehicle. During the jury trial, Sanders pleaded not guilty and then admitted that he had driven without a license that night, that he had run six stop signs during the chase, that he had seen the police officer in pursuit, that he had known that the person pursuing him was a police officer, and that he had intentionally fled from the officer. Sanders claimed that when he had fled, it was simply to get the Hyundai back to 1621 Oceola. But Sanders also admitted that he had first told the officer that he had fled because he was drunk and also because he did not have a driver's license, before he told the officer that he just wanted to get the car home.

2

Officer Miller testified that Sanders had driven at close to 100 miles per hour in the approximately 2.8 mile pursuit through a primarily residential area of town and that Sanders had turned off his headlights during the pursuit in an additional attempt to evade Officer Miller. During cross-examination, Officer Miller admitted that Sanders's overriding interest appeared to have been to see that the Hyundai was not towed and impounded and that there was insufficient evidence to charge Sanders with driving while intoxicated.

Contrary to Officer Miller's testimony, Sanders denied that he had turned off his headlights or that he had driven at almost 100 miles per hour, stating that he had driven roughly fifty to sixty miles per hour during the pursuit. State's Exhibit 2, Officer Miller's dashboard camera videotape, was admitted and published to the jury.

Rachel Humphrey, Sanders's girlfriend, was the Hyundai's registered owner and lived at 1621 Oceola. Humphrey testified that as of December 16, 2009, she had just been hired as a medical assistant and that the Hyundai was her only transportation to get to work and to take her five-year-old child to school and day care. She admitted that she had let Sanders drive the car even though she knew that he did not have a driver's license.

Sanders did not request a jury instruction on the defense of necessity nor object to the defense of necessity being omitted from the jury charge, and the

3

trial court did not instruct the jury on the defense of necessity.[2]  However, during closing arguments, the State pointed out that there was no legal justification to disregard the law to get a vehicle home so that it would not be towed and that Sanders was not justified in running from the police just because he wanted to get home.  Sanders responded that the jury had before it a question of fairness with regard to what was going on in his mind at the time of the offense.

The jury found Sanders guilty, and the trial court assessed his punishment at twelve months' confinement in state jail.  This appeal followed.

### III.  Necessity

In his sole issue, Sanders argues that the evidence is sufficient to show that his evasion of the police was permissible under the "necessity defense," which he refers to as a "legislatively-approved form of outlawry."  Sanders specifically contends that the evidence to support his conviction is insufficient to override the defense he asserted at trial.

After a defendant has introduced some evidence supporting a defense, the State bears the burden not to introduce evidence disproving the defense but rather to prove its case beyond a reasonable doubt.  *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991).  To determine the sufficiency of the evidence to disprove the necessity defense here, we ask whether, after viewing all the evidence in the

---

[2]Sanders does not complain about error in the jury charge in his appellate brief.

light most favorable to the prosecution, any rational trier of fact would have found the essential elements of evading arrest or detention with a motor vehicle beyond a reasonable doubt and also would have found against appellant on the necessity issue beyond a reasonable doubt. *See Saxton,* 804 S.W.2d at 914.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 2793 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

A person commits the offense of evading arrest or detention if that person 1) intentionally flees 2) from a person he knows is a peace officer 3) lawfully attempting to arrest or detain him. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 38.04(a), 1993 Tex. Gen. Laws 3586, 3667, *amended by* Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111

(West) (to be codified at Tex. Penal Code Ann. § 38.04(a)) (adding "or federal special investigator" but making no other substantive change to subsection (a)).

Here, Officer Miller's testimony and Sanders's admissions—that Sanders ran a series of stop signs while pursued by a police car with flashing lights and sirens—and Sanders's additional admissions that he saw the police officer in pursuit, knew the person pursuing him was a police officer, and intentionally fled from the police officer all support the jury's conclusion that Sanders indeed intentionally fled from Officer Miller while using a vehicle. *See id*.

Sanders argues that he was justified in evading arrest and detention under the necessity defense because he did not want the car impounded as it was his girlfriend's sole means of transportation. The necessity defense justifies conduct if:

> (1)   the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
>
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

Tex. Penal Code Ann. § 9.22 (West 2011). Before Sanders told Officer Miller that he did not want the car impounded, he also told Officer Miller that he had fled because he did not have a driver's license and because he was intoxicated. Even if the jury had been given the necessity defense to consider in the charge—instead of just considering the defense in light of the evidence and arguments of

6

counsel—viewing the evidence in the light most favorable to the verdict, we hold that the jury could have determined beyond a reasonable doubt that none of the reasons Sanders gave justified his commission of evading arrest or detention using a vehicle, and we overrule Sanders's sole issue.

## IV. Conclusion

Having overruled Sanders's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 5, 2012